IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JOE SIVLEY, JR., | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   No. 4:05CV01334 SWW |
| | * |
| UNIVERSITY OF CENTRAL ARKANSAS, | * |
| | * |
| Defendant. | * |

**Memorandum and Order**

Before the Court is defendant's motion to dismiss to which plaintiff has failed to timely respond. For the reasons stated below, the motion is granted.

**Background**

Plaintiff Joe Sivley, Jr. filed this *pro se* complaint on September 28, 2005. Calling his pleading a "Complaint for Hearsay Discrimination," Sivley alleges that Dr. Terry Roach engaged in a scheme to prevent him from obtaining an accounting position with a "Big Six" accounting firm "on the basis of hearsay about physical work habits rather than mental work habits." He seeks damages in the amount of $10,000.00 against the defendant, the University of Central Arkansas.

Defendant moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6).

**Discussion**

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Therefore, in deciding a Rule 12(b)(1) motion, the Court must distinguish between a "facial attack" and a "factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A "facial attack" on the complaint requires the Court to assess whether the plaintiff has alleged a

sufficient basis for subject matter jurisdiction, and the Court limits its review to the face of the pleadings, similar to the review conducted under Rule 12(b)(6). Where a defendant makes a "factual attack" to jurisdiction, the Court may consider matters outside the pleadings without converting the motion to dismiss into one for summary judgment. *Id.* at 729; Fed. R. Civ. P. 56.

Defendant argues that even giving plaintiff's complaint a liberal reading, he fails to allege any basis for federal subject matter jurisdiction. Plaintiff makes no assertion that the parties are diverse; in fact, he does not state his citizenship. In addition, he does not allege any civil action arising under the Constitution, laws, or treaties of the United States. To the extent plaintiff attempts to bring a claim of illegal discrimination, there is no federal law addressing "hearsay" discrimination. Assuming plaintiff means to allege of claim of defamation, there is no federal jurisdiction for this state law cause of action. The Court finds that on its face the complaint fails to show a basis for subject matter jurisdiction.

Defendant further moves for dismissal on the basis that plaintiff's claim for damages is barred by the Eleventh Amendment. The Eleventh Amendment has been read to embrace the common law principle that a sovereign may not be sued absent its consent. *Hans v. Louisiana,* 134 U.S. 1 (1890). In essence, a private party may not sue a state without its consent. This immunity extends to state agencies and employees. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101 (1984). Thus, the Court finds it lacks jurisdiction over plaintiff's complaint for damages because defendant is entitled to Eleventh Amendment immunity.

A motion for dismissal under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). When considering a motion to dismiss, "we must assume that all the facts alleged in the complaint are true" and generally construe the complaint in

the light most favorable to the plaintiff. *E.g., Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994). A court, however, need not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990). Under this standard, a court may dismiss "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief" or the complaint fails to "contain facts which state a claim as a matter of law." *Frey v. City of Herculaneum,* 44 F.3d 667, 671(8th Cir.1995) (internal quotations omitted).

*Pro se* litigants must set forth a claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law. *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). Neither the state nor federal courts recognize a cause of action for "hearsay" discrimination. Assuming plaintiff attempts to allege a violation of a state or federal anti-discrimination law, he has failed to identify the statute violated or the protected characteristic which would entitle him to relief, much less whether he has exhausted administrative remedies.

## Conclusion

Because plaintiff has failed to allege facts showing this Court has subject matter jurisdiction or that he has a cause of action, the Court finds the motion [docket entry 4] should be and is hereby granted. Plaintiff's complaint is dismissed. Judgment will be entered accordingly.

DATED this 1st day of November 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE